Donald M. ISRAEL, Mark R. Taylor,
Plaintiffs–Appellees,

v.

BENEFIT CONCEPTS NEW YORK,
INC., Voluntary Benefit Systems,
Inc., Defendants,

Daniel E. Carpenter, Defendant–
Appellant.

No. 00–9291.

United States Court of Appeals,
Second Circuit.

May 3, 2001.

Richard S. Order, Updike, Kelly & Spellacy, Hartford, CT; Seth L. Marcus on the brief, for appellant.

Jay D. Fischer, Fischer, Porter, Caliguire & Thomas, New York, NY; Benjamin Benson on the brief, for appellee.

Present JACOBS, PARKER, and KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be affirmed in all respects except as to damages and pre-judgment interest, as to which we vacate and remand for further proceedings.

Daniel Carpenter appeals from the decision of Magistrate Judge James C. Francis IV following a bench trial in the United States District Court for the Southern District of New York, in favor of plaintiffs-appellees Donald Israel and Mark Taylor. Israel and Taylor brought this suit alleging that Carpenter breached a contract among the three parties dividing assets acquired in the course of their business partnership as salesmen of life insurance and qualified retirement plans.

The present dispute turns on the interpretation of a clause ("¶ 11") in the separation agreement that provides for the division of stock held in Carpenter's name. This stock was accumulated as part of an incentive program for insurance agents marketing New England Mutual Life Insurance policies. Israel and Taylor claim, and Carpenter denies, that the agreement provides that each party takes away the portion of stock earned by virtue of that party's sales. The district court concluded that the language of ¶ 11 was ambiguous, conducted an evidentiary hearing, and concluded that the extrinsic evidence weighed in favor of Israel and Taylor.

"Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Fed.R.Civ.P. 52(a). We may reverse only if we are "left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)).

■ After a review of the conflicting testimony and evidence, we conclude that the district court's decision to credit Israel and Taylor's interpretation of ¶ 11 and its background over Carpenter's version was not clearly erroneous.

Carpenter attacks the calculation of damages as speculative. As the record contains copies of the checks received by Carpenter as part of the Omega stock repurchase program, along with an accounting of Carpenter's remaining stock, we do not find the calculation speculative. Upon detailed review of the record, however, we do find one error. Carpenter received an initial payment from Omega for $453,411, representing the sale of 4,065 of his 8,000 shares. Carpenter then received

six more payments, each representing a portion of his remaining stock. It is uncontested that, had Carpenter properly transferred the stock, Israel and Taylor would have received their portion of the stock on the same schedule. Magistrate Judge Francis used the first such payment to calculate the total amount received by Carpenter. The first payment was $111,221.71, for 20% of the remaining stock; Magistrate Judge Francis therefore multiplied this payment by 5, added it to the initial payment, and arrived at a total of $1,009,519.55. A better approach would have been to add up: the initial payment, the six subsequent payments, and the remaining Omega stock, arriving at a total of $993,022.58. (Presumably, the difference reflects a small decrease in the value of the Omega stock.) We therefore remand to the district court for re-evaluation of the damages total in light of the money actually received by Carpenter.

■ As to Carpenter's argument that the district court's calculation of pre-judgment interest was erroneous, we agree. The district court found that the contract was breached on Carpenter's first refusal to transfer the stock to Israel and Taylor, and ruled the interest accrued from that point. *See* N.Y. C.P.L.R. § 5001(b) (McKinney 2001) (providing that "interest shall be computed from the earliest ascertainable date the cause of action existed"). As discussed above, however, Carpenter received the stock in separate payments over several years (as would have Israel and Taylor). In similar circumstances, we have held that a court should use "a reasonable intermediate date during the period in which payments due would have been made" as the starting date for pre-judgment interest. *Esquire Radio & Elecs., Inc. v. Montgomery Ward & Co.,* 804 F.2d 787, 796 (2d Cir.1986); *see also* § 5001(b) ("Where ... damages were incurred at

various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date."). To do otherwise "affords the plaintiff a windfall, and hence penalizes the defendant, in contravention of the compensatory purpose of section 5001." *Esquire Radio,* 804 F.2d at 796. We therefore further remand to the district court for the purposes of amendment of the award in a manner not inconsistent with *Esquire Radio* and § 5001(b).

We have reviewed the remainder of Carpenter's claims and find them without merit.

For the reasons stated above, the judgment of the district court is affirmed in all respects except as to the calculation of damages and pre-judgment interest, as to which we vacate and remand for further proceedings. Costs are awarded to the plaintiffs-appellees.