Donald M. ISRAEL, Mark R. Taylor,
Plaintiffs–Appellees,

v.

Daniel E. CARPENTER, Defendant–
Appellant,

Benefit Concepts New York, Inc. and
Voluntary Benefits Systems,
Inc., Defendants.

Docket No. 02–9225.

United States Court of Appeals,
Second Circuit.

June 13, 2003.

———

Simon Miller, Greenberg Traurig, LLP,
New York, NY, for Appellant.

Jay D. Fischer, Fischer Porter Masi &
Thomas, New York, NY, for Appellee.

PRESENT: MINER, CABRANES
Circuit Judges, and DRONEY District
Judge.*

**SUMMARY ORDER**

THIS SUMMARY ORDER WILL NOT
BE PUBLISHED IN THE FEDERAL
REPORTER AND MAY NOT BE CIT-
ED AS PRECEDENTIAL AUTHORITY
TO THIS OR ANY OTHER COURT,
BUT MAY BE CALLED TO THE AT-
TENTION OF THIS OR ANY OTHER
COURT IN A SUBSEQUENT STAGE
OF THIS CASE, IN A RELATED CASE,
OR IN ANY CASE FOR PURPOSES
OF COLLATERAL ESTOPPEL OR
RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 13th day of June, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and hereby is **AFFIRMED**.

Defendant Daniel E. Carpenter appeals from a final order of the District Court entered September 16, 2002, denying his motion under Fed.R.Civ.P. 60(b) for relief from the District Court's judgment dated September 7, 2001.

The Court's September 7, 2001 judgment was the culmination of a long and tortuous litigation in which the Court found for plaintiffs on their breach of contract claim in this diversity action. *See Israel v. Carpenter,* 95 Civ. 2703(DAB)(JCF), 2000 WL 1376255 (S.D.N.Y. Sept. 25, 2000) (judgment for plaintiffs after bench trial), *aff'd in part, vacated in part, Israel v. Benefit Concepts New York, Inc.,* 9 Fed.Appx. 43 (2d Cir. 2001) (unpublished summary order) (vacating and remanding for recalculation of damages), *remanded to, Israel v. Carpenter,* 95 Civ. 2703(DAB)(JCF), 2001 WL 1020430 (S.D.N.Y. Sept. 5, 2001) (order directing entry of final judgment on remand). Defendant Carpenter seeks relief from the September 7, 2001 judgment on the ground that certain sworn statements made by plaintiff Donald M. Israel in a subsequent malicious prosecution action brought by defendant Voluntary Benefit Systems, Inc. ("VBS") "call into question the integrity of a central factual finding underpinning the Judgment and . . . amount to a fraud committed upon the trial court." Def.'s Br. at 3.

The District Court denied Carpenter's Rule 60(b) motion. *Israel v. Carpenter,* 95 Civ. 2703(DAB)(JCF) (S.D.N.Y. Sept. 16, 2002). The Court stated that "[t]he 'new evidence' on which defendant relies is insufficient to warrant relief," and explained that plaintiff "Israel's statement at trial that he had an 'amicable' business relationship with defendant was qualified by his testimony that they were in the process of a business divorce and so is not directly contradicted by his recent representation that he suspected defendant of diverting jointly owned assets." *Id.*

We believe that the District Court, which was intimately familiar with the facts in this case by virtue of having conducted the bench trial below, made an entirely reasonable determination when it held that Israel's recent testimony regarding his fear that Carpenter was diverting jointly-owned assets was not sufficiently contradictory of his statements at trial to warrant relief. We find no abuse of discretion. *See United States v. Int'l Bhd. of Teamsters,* 247 F.3d 370, 391 (2d Cir.2001) (holding that "[d]enials for relief under Rule 60(b) are reviewed for an abuse of discretion").

Carpenter also argues, however, that the District Court erred by not granting relief based on the fact that Israel stated in the malicious prosecution action that he "believed that VBS was another Carpenter entity to which Carpenter may have diverted the Omega–Re stock or the cash received for redeeming [the] same." Israel Aff. of 7/2/02 ¶ 11. This statement was significant because the District Court's September 7, 2001 judgment was based in part on its finding that "[w]hat is important is the plaintiffs' perception, even if erroneous, that corporate ownership [of Omega–Re stock] was impermissible since this belief was the basis for their permitting Mr. Carpenter to hold the stock in his own name." *Israel v. Carpenter,* 2000 WL 1376255, at *6. Carpenter asserts that the fact that Israel stated in the malicious

prosecution action that he feared that Omega–Re stock would be diverted to VBS a corporation directly contradicts Israel's statements at trial to the effect that he did not believe that the stock could be owned by a corporation.

It is not clear from the record whether Carpenter ever specifically explained this argument to the District Court, but Carpenter's counsel asserted at oral argument that he did expressly raise the issue. As part of his Rule 60(b) motion in the District Court, Carpenter submitted: (1) Israel's affirmation in the malicious prosecution action; (2) a copy of the District Court's opinion and order filed September 25, 2000; and (3) several pages of the trial transcript in this case relating to Israel's subjective belief as to whether corporate ownership of Omega–Re was permissible. In response to the motion, District Court did not specifically address Carpenter's corporate-ownership argument, but stated generally that "[t]he 'new evidence' on which defendant relies is insufficient to warrant relief." *Israel v. Carpenter*, 95 Civ. 2703(DAB)(JCF) (S.D.N.Y. Sept. 16, 2002). As plaintiffs point out, there was a rational basis for the District Court to have found that Israel's sworn statements in the recent malicious prosecution action were not sufficiently at odds with his prior trial testimony to warrant relief. It is entirely possible that Israel could have believed that corporate ownership of Omega–Re stock by VBS was impermissible, and yet feared that Carpenter could have somehow found a mechanism to divert either the stock itself or *"the cash received*

*for redeeming"* the stock to VBS's possession. Israel Aff. of 7/2/02 ¶ 11 (emphasis added). In these circumstances, the District Court's judgment was not an abuse of discretion.[1]

We have considered all of the appellant's arguments. The judgment of the District Court is hereby **AFFIRMED.**

---

1. We reject Carpenter's suggestion that his claim with respect to Israel's statements about corporate ownership of Omega–Re stock was never considered below, and that we should therefore review the District Court's judgment *de novo* or vacate and remand regarding that issue. There is no reason to believe that the District Court did not consider all of the evidence presented by Carpenter in his Rule 60(b) before it rendered its judgment. The fact that the District Court did not specifically address Carpenter's argument with respect to Israel's statements on the permissibility of corporate stock ownership is without significance, as the Court was under no obligation specifically to identify and reject each of Carpenter's arguments.